UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAUHEED CARR, | Case No. CV 13-4045 PSG(JC) |
|     Petitioner, | (PROPOSED) |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| THE STATE OF CALIFORNIA, | |
|     Respondent. | |

On June 5, 2013, petitioner, who appears to be incarcerated on a California State judgment, is housed in Mississippi, and is proceeding *pro se*, initiated this action by filing a "Motion for Stay and Abeyance" ("Motion to Stay").[1]  He has not, however, filed a federal petition for writ of habeas corpus in this Court.  Based on the Motion to Stay and matters as to which this Court take judicial notice, it appears that:  (1) petitioner wishes to challenge a California State judgment on multiple grounds, some of which have been presented to the California Supreme Court and are exhausted, and some of which have not been presented to the California Supreme Court and are unexhausted; (2) the California Supreme Court

---

[1] The Motion to Stay appears to have been signed and served by petitioner on May 28, 2013, to have been received by the Clerk on June 3, 2013, and to have been formally filed on June 5, 2013.

denied his petition for review on October 19, 2011;[2] (3) the United States Supreme Court denied his petition for writ of certiorari on June 11, 2012;[3] and (4) petitioner is in the process of exhausting his unexhausted claims in California State court. He essentially requests that the Court stay this action until he has exhausted all of his claims in state court. For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. United States Nat'l Bank v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to cases and controversies). A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed. Johnson, 851 F.2d at 235.

A federal court lacks jurisdiction to consider matters relating to a habeas petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution. See Ford v. Warden, 2008 WL 2676842 (C.D. Cal. 2008) (Constitution's "case or controversy" jurisdictional requirement precludes giving of advisory opinion that statute of limitations will not bar anticipated, but not yet filed, federal habeas petition); United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000) (granting

---

[2] The California Supreme Court docket for petitioner's case on direct appeal (No. S196464), of which this Court takes judicial notice, reflects that such court denied petitioner's petition for review on October 19, 2011. See www.appellatecases.courtinfo.ca.gov.

[3] The United States Supreme Court docket for Case No. 11-9707, of which this Court takes judicial notice, reflects that such Court denied petitioner's petition for writ of certiorari on June 11, 2012. See www.supremecourt.gov.

government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); <u>Calderon v. Ashmus</u>, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); <u>see also</u> <u>United States v. Cook</u>, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Here, because petitioner has not actually filed a federal petition for writ of habeas corpus in this action, there is no case or controversy to be heard. Consequently, this Court is without jurisdiction to consider petitioner's Motion to Stay.

For the foregoing reasons, this case is dismissed without prejudice.

IT IS SO ORDERED.

DATED: __June 14, 2013_____

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE